KAMALA D. HARRIS
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General
WILFRED FONG (SBN 154303)
KYMBERLY E. SPEER (SBN 121703)
Deputy Attorneys General
State Bar No. 154303
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 622-2114
 Facsimile:  (510) 622-2121
 E-mail: Wil.Fong@doj.ca.gov
*Attorneys for Defendant Officer John Marsh*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WAYNE STEVEN ANDERSON**,<br><br>                                        Plaintiff,<br><br>     v.<br><br>**CALIFORNIA HIGHWAY PATROL OFFICER JOHN MARSH and DOES 1-20**,<br><br>                                        Defendant. | Case No. CV14-01599 TLN-SAB<br><br>STIPULATION FOR PROTECTIVE ORDER AND ORDER |

The following Stipulated Protective Order shall govern the use and disclosure of the documents and materials listed herein, and any other documents that are designated "confidential" by the producing party.

**ITEMS SUBJECT TO THIS STIPULATED PROTECTIVE ORDER**

(A)  Highway Patrol Manual 70.6 - Officer Safety Manual (portions in effect October 2012):

   Chapter 1 - Use of Force (Rev. July 2012)

   Chapter 2 - Discharge of Firearms

   Chapter 3 - Highway Enforcement

   Chapter 5 - Pursuit Policy and Emergency Vehicle Operations (January 2011)

1

1         Chapter 7 - Speed Enforcement (May 2011)

2         Chapter 8 - High Risk and Felony Apprehensions (January 2008)

3         Chapter 9 - Stopping the Violator and Controlling Enforcement Stops (May 1999)

4         Table of Contents for HPM 70.6 (Officer Safety Manual)

5 (B)   Highway Patrol Manual 100.68 (portions in effect October 2012)

6         Chapter 1 - Patrol and General Enforcement Guidelines

7         Chapter 3 - Highway Enforcement

8 (C)   Shooting Incident Report (Bates 001, 003-245, 247-288) re Officer Marsh.

9 (D)   Mobile Video Audio Recording System recordings.

10 (E)   Wayne Steven Anderson's medical records.

11 (F)   Wayne Steven Anderson's criminal records.

## **TERMS AND CONDITIONS OF STIPULATED PROTECTIVE ORDER**

Production of the documents and materials listed above will be subject to the following conditions and the Court's Protective Order:

1. The documents, materials and their contents may be used by plaintiff and his counsel only in this litigation and may not be used in separate proceedings or actions at this time or in the future without first being obtained through proper discovery procedures or court orders in those separate proceedings or actions.

2. The documents and their contents may not be disclosed, copied, distributed, shown, described, or read to any person or entity (including, but not limited to, media representatives) by plaintiff or his counsel, representatives or agents, other than (a) the parties to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation; (c) the parties' expert consultants in this litigation for purposes of expert consultation and trial testimony preparation; and (d) the Court in this action, filed under seal, for purposes of this litigation.

3. The plaintiff's expert consultants must sign an acknowledgment and agreement to be bound by the terms of this Stipulation for Protective Order and Order, an executed copy of which will be provided to defendant's counsel within seven (7) days after formal disclosure of such consultants as expert witnesses in this litigation. The acknowledgment and agreement must

1  contain the following language:

2  "As an expert witness for the plaintiff in this lawsuit, I hereby acknowledge receipt of
3  a copy of the signed Stipulation for Protective Order and Order, approved and entered
   by the Court in this action, and I agree to be bound by all terms and conditions in that
4  Protective Order and recognize that I may be personally found in contempt of Court
   or subject to other sanctions determined by the Court should I violate any term or
5  condition in that Protective Order."

6  4. All documents and materials produced subject to this Stipulated Protective Order will be
7  clearly marked "Confidential" to indicate that they are subject to this Protective Order.

8  5. Except for documents and materials filed under seal by the court, all originals and copies
9  of documents and materials produced subject to this Stipulated Protective Order shall be returned
10 to defendant's counsel within ten (10) days after final termination of this litigation, whether such
11 termination occurs by settlement, judgment, dismissal, appeal or otherwise.

12 6. This Protective Order does not in any way affect or prejudice the right of any party at the
13 time of trial or other proceedings in this action to object to the admissibility of said documents or
14 materials at the trial or in other proceedings of this action.

15 7. Any writings or other documents stipulated in writing by the parties to be confidential
16 and subject to this Stipulated Protective Order, and produced subsequent to the date this
17 Protective Order is signed by the Court, shall also be subject to all the terms of this Stipulated
18 Protective Order.

19 8. If any party intends to file a motion that includes as an exhibit any writing(s) subject to
20 this Protective Order, that party shall meet and confer with the opposing party. If the producing
21 party maintains its position that the documents are confidential, the party intending to file the
22 documents must file a motion to file the documents under seal pursuant to Eastern District
23 General Local Rule 141.

24 9. Violation of this Protective Order by any party or any other person, including but not
25 limited to any party's expert witnesses and consultants, will result in sanctions to be determined
26 by the Court upon application by any other party.

27 10. This Stipulated Protective Order and the obligations of all persons subject to it,
28 including those relating to the disclosure and use of the materials specified herein, shall survive

the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise.

11. Nothing in this Stipulated Protective Order is intended to prevent authorized individuals from having access to the documents and materials specified herein to which they would have had access in the normal course of their duties.

**SO STIPULATED:**

Dated:  February 12, 2015         ANDREW C. SCHWARTZ
                                  ADAM M. CARLSON
                                  CASPER, MEADOWS, SCHWARTZ & COOK

                                     /s/Adam M. Carlson
                                  ADAM M. CARLSON, ESQ.
                                  *Attorneys for Plaintiff Wayne Steven Anderson*

Dated:  February 12, 2015         KAREN L. SNELL
                                  ATTORNEY AT LAW

                                     /s/Karen L. Snell
                                  KAREN L. SNELL, ESQ.
                                  *Attorney for Plaintiff Wayne Steven Anderson*

Dated:  February 12, 2015         KAMALA D. HARRIS
                                  Attorney General of California
                                  JEFFREY R. VINCENT
                                  Supervising Deputy Attorney General

                                     /s/Wil Fong
                                  WIL FONG
                                  Deputy Attorney General
                                  *Attorneys for Defendant CHP Officer John Marsh*

**ORDER**

Upon good cause shown, the above Stipulation of the parties is hereby approved and made the Order of this Court.

IT IS SO ORDERED.

Dated:   **February 12, 2015**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE

4